## CUSHMAN *v.* LINES.

PATENTS; DESIGNS; INTERFERENCE; PRIORITY OF INVENTION.

1. Interference cannot properly be declared except when two applications, or a patent and an application, conflict with each other. If the alleged inventions are substantially different from each other so as to be each of them patentable, there is no ground for interference, and no question of priority can arise.

2. When the examiners of interferences in the Patent Office and the board of examiners-in-chief determine that two designs are the same, but the Commissioner determines they are substantially different, this court on appeal will accept the theory of the Commissioner, and as in interference cases the question of priority only is before the court, each contestant will be entitled to a patent for his design.

3. A motion to "reconsider" a case heretofore decided by this court is equivalent to a motion for a rehearing, and will be governed

by the same rule fixing the time within which a motion for a rehearing may be filed.

4. The full legal right of an applicant for a patent is secured if he is awarded a patent, with or without proceedings in interference, however that determination may have been accomplished; and he has no right to demand that such proceedings shall be continued, if at any stage the interference is dissolved and he is permitted in due course to receive his patent.

No. 55.   Submitted January 15, 1897.   Decided February 10, 1897.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding between the patentee of a design and an applicant.   *Modified.*

The facts are sufficiently stated in the opinion.

*Messrs. Baldwin, Davidson & Wight* for the appellant.

*Mr. Charles E. Mitchell* and *Mr. George D. Seymour* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents in a case of interference upon an application for a patent for a design for an oil-cup or "oiler," as it is called.

The supposed invention in controversy is of a design for the form and shape of an oil-cup generally used, it seems, in connection with bicycles, and inasmuch as it is merely a design for form and shape it is difficult to give an adequate description of it in words that would convey an adequate idea of the design.   The Commissioner's opinion does not attempt to give any specification and merely refers to the pictures of the designs, which it copies and which are annexed to the opinion.   In the opinion rendered by the board of examiners-in-chief we find the following description, which seems to be in accordance with the specifications of the respective parties.

In Cushman's application the design is described as follows:

"My design consists of an oil-cup or oiler in which the

body portion is oblong in cross-section and at the top has tapering walls converging toward the extreme upper portion of the body.   Around the top edge of the tapered portion is an ornamental milled flange or ring B, and above this flange is a cylindrical top or cap D.   In the central portion of the body portion is a circular figure C.   The essential feature of my design is an oil-cup or oiler oblong in cross-section, having tapering walls at the top around which is an ornamental flange or ring, and above which is a cylindrical cap."

The design is described in Lines's patent as follows:

"The base of the oil-can is oval, from which the body A rises, the body being also oval in transverse section.   Near the top the sides of the body A are contracted, forming a rounded concave surface which merges into the neck B. The neck B receives the funnel-shaped spout C, shown in broken lines, the spout being inclosed by a cap F."

But even these descriptions are not entirely intelligible without reference to the designs themselves or to the pictures of them, and for these we must refer to the diagrams in the record.

Lines applied for a patent for his design on December 21, 1893, and received his patent on February 6, 1894.   Cushman filed his application on March 5, 1894, and on May 5, 1894, an interference was declared between him and the patentee Lines.   Thereupon both parties proceeded to file their preliminary statements in interference.   In that of Lines he says that he conceived the invention not earlier than April 1, 1893 ; disclosed it about the same time; had a sketch made about November 10, 1893 ; produced full-sized oil-cans containing his design not earlier than November 15, 1893, but had made no model further than as the first oil-can produced can be regarded as a model. In the preliminary statement of Cushman he said that he conceived the invention some time in the latter part of October, 1891 ; that he first described the invention to

others during the fall of 1892; that he first made a sketch of it in April, 1893; that on September 18, 1893, he contracted with a manufacturer for the manufacture for him of a large number of such oil-cans, and that in about a month afterward his order was performed and the oil-cans were put upon the market and sold in large quantities.

As usual in such cases, the parties were not entirely unacquainted with each other. Cushman was engaged in the manufacture of oil-cans and attachments for bicycles, and Lines was a foreman in the works of a manufacturing company with which Cushman transacted business. Yet the testimony does not show, nor is it charged, that there was any appropriation by one of the ideas of the other. It is stated by the Commissioner in his opinion, and it seems to be true, that there is practically no dispute about the facts, and that the plain question in the case is whether two specified figures, designed as Fig. 2 and Fig. 3 are the same design, so that when Cushman originated Fig. 2, which he is admitted to have originated, he originated also Fig. 3, which is the design for which the patent was issued to Lines, and which it seems to be conceded was original with Lines, unless it be held to be substantially the same as the other.

The Commissioner has held that the two designs are substantially different, and as substantially different from each other as either from another patented design of a similar character attached to his opinion and designated as Fig. 1, and he has accorded priority of invention to Lines, the patentee and designer of Fig. 3, thereby reversing the decision of the board of examiners-in-chief, who, as well as the examiner of interferences, had awarded priority to Cushman, the designer of Fig. 2. The examiner of interferences and the board of examiners based their conclusion on the assumed identity or similarity of the two designs. The Commissioner regarded them as substantially different.

Whether the Commissioner's theory of substantial differ-

ence of the designs, by which we presume we must understand a patentable difference, be the correct one, or whether the other tribunals of the Patent Office were correct in holding the two designs to be substantially the same, it does not seem to be for us here to decide in a case of interference. As we understand it, interference cannot properly be declared except when two applications or a patent and a pending application conflict with each other and disclose two or more claimants of the same invention. If their alleged inventions are substantially different from each other, so as to be each of them patentable, there is no conflict between them, and there can be no ground for a declaration of interference. Upon the theory of a substantial difference of invention no question of priority of invention can arise. If each is an invention, each is patentable, and each party is entitled to a patent for his own invention.

The conclusion seems to us to be unavoidable that if the Commissioner's theory of substantial difference of the designs in controversy be correct, there should have been no declaration of interference in this case, and a patent might well have been issued to each party; but that, on the other hand, if the theory of the subordinate tribunals of the Patent Office be correct, that the two designs are substantially the same, then undoubtedly the appellant Cushman, being confessedly the first inventor of the first form of the design, is entitled to a judgment of priority in his favor. As we have intimated, it does not seem to be proper for us, in a case of interference, where the only question presented to us is that of priority of invention as between two rival claimants to one and the same invention, to determine which is the correct theory. It seems to us that in the present condition of the record before us, we must accept the theory held by the Commissioner that the two inventions are substantially and therefore patentably different. But it does not follow from this that Lines is entitled to judgment of priority to the extent that the claim of Cushman to a patent should be

refused, which is the practical effect of the Commissioner's decision. On the contrary, while upon that theory Lines is undoubtedly the first inventor of the design designated in Fig. 3, and entitled to hold the patent which has been issued to him for that design, Cushman is entitled to judgment of priority for the design designated in Fig. 2 and to a patent therefor in due course.

We are of opinion, therefore, that the decision of the Commissioner of Patents should be *modified in accordance with these views, and the cause will be remanded to him for that purpose. The clerk of the court will certify this opinion and the proceedings in the cause, according to law, to the Commissioner of Patents, to be entered of record in his office.*

On April 27, 1897, a motion was filed on behalf of the appellant for a reconsideration of the case.

On May 4, 1897, the motion was overruled, Mr. Justice Morris delivering the opinion of the Court:

A motion has been filed on behalf of the appellant, Joseph W. Cushman for " a reconsideration of this case." But we fail to appreciate wherein a motion for reconsideration differs from a motion for a rehearing, the time for which, as it seems to be conceded, has passed. Under the decision of this court, whereby the cause was remanded to the Commissioner of Patents for the modification of the decision rendered by him in accordance with the views of this court, the cause went back to him, and both parties moved for the desired modification, and the modification was made. There the matter rests, and we are now asked to reconsider our opinion. Plainly, there is no cause now pending before us. We have no jurisdiction over the cause for the purpose of reconsideration, or for any other purpose.

But we also fail to appreciate what there is in the cause to be reconsidered or reheard, or how a reconsideration or rehearing can benefit the appellant. It has been adjudged

10 Ct. App.—12

CUSHMAN v. LINES

by this court, and by the Commissioner in his modified decree, that he is entitled to a judgment of priority of invention for the special device claimed by him, and to have a patent thereon in due course of proceedings in the office. What more can he legally or properly claim to have? What more could we give him in any event?

We might possibly determine, under proper conditions, adversely to the statement of the Commissioner, that the device of the appellant did not differ substantially from that of Lines, for which the latter obtained a patent, and that neither of these two differed substantially from a previous device, that designated by Fig. 1 annexed to the Commissioner's former opinion; but that question is not before us. The Commissioner has held that the appellant's device and that of Lines were substantially different, and therefore that both were independently patentable, and there was no ground for interference between them. The result of that determination was held to be that the appellant was entitled to have his judgment of priority and his patent for his own special device, and that Lines should retain his patent for the device for which he had received it. A decision that gives to the appellant all the right and all the title for which he applied in the first instance, and which we may assume that he would have received in the due course of the proceedings, were it not for the declaration of interference, should be sufficient for him. He has no vested or inherent right to demand in the course of his application that he be put in interference with any one to whom a patent has previously been granted; that it is for the Patent Office to do in its guardianship of the rights of the public. The full right of an applicant is secured if he is awarded a patent, with or without proceedings in interference, however that determination may have been accomplished. He has no right to demand that proceedings in interference shall be continued, if at any stage of the proceedings the interference is dissolved, and he is permitted

in due course to receive his patent. And it is not for us, upon an appeal by interfering parties, to determine whether the Commissioner was correct in a finding which inevitably worked a dissolution of the interference.

The motive for the present application seems to be the fact that the Commissioner, in his modified decision, says that the design shown in Fig. 2, which is the device of the appellant, does not, in the view which he takes of the case, satisfy the issue in the cause. This statement is appended to the adjudication of priority and the allowance of a patent to the appellant for his device. But if this statement does not preclude the issue of a patent to the appellant, we do not see wherein he is legally injured by it. And that it does not preclude the issue of a patent to him in accordance with the specifications in his application, is very clear. As we understand the statement, it means that the claim set up in the declaration of interference on behalf of both parties and formulated in the issues there stated, did not correspond with the actual claim of the appellant as stated in his application. This necessarily implies that the issues in interference were erroneously formulated. But beyond the expense and trouble to which he was put, how does this injure the appellant, if he gets his patent in accordance with the claim of his application and with the specifications thereto annexed, which is all to which he is entitled? Evidently it can not injure him.

For these plain reasons we must *overrule the motion of the appellant for a reconsideration.*